# SUPREME COURT

OF THE

# TERRITORY OF KANSAS.

### FEBRUARY TERM, 1860.

DON ALONZO DEWEY AGT. WM. F. AND G. M. DYER.

*Jurisdiction: Courts: Probate Courts.*

An act entitled "An act to establish a code of civil procedure," approved February 12, 1858, so far as the same confers on the probate courts of the territory jurisdiction at common law and in chancery, is inconsistent with the organic act, and is of no legal validity. [*Affirming Locknane agt. Martin, ante, p. 60.*]

APPEAL from the Probate Court in and for Jefferson County.

*By the Court*—ELMORE, J.

This action was brought by the defendants in error, to recover the sum of six hundred and eighty-eight dollars and sixty-eight cents, being a sum due on a draft indorsed by the plaintiff in error, and drawn by Cower, Bro. and Co., of Iowa City, Iowa, on John Thompson, of the city of New York, for said sum, and made payable to the said plaintiff or his order.

The said draft was duly presented for acceptance and payment to the said Thompson, which was then and there refused and regularly protested. The

defendants in error brought their action to recover upon this draft, against the plaintiff in error, being the indorser thereon, in the court of probate of the county of Jefferson. Said court gave judgment in favor of defendants in error; whereupon the plaintiff in error took an appeal to the district court in and for the first judicial district, and the said district court dismissed the appeal. Thereupon the said plaintiff in error sued out a petition in error to this court. The record in this case is exceedingly imperfect, and we can only gather the facts as stated above. There are no reasons assigned why the court below dismissed the appeal.

Among other errors alleged in the plaintiff's petition, the third cause of error is, that " the probate court of Jefferson county had no jurisdistion to render a judgment in said suit or to entertain said suit." This court decided at the December term, A. D. 1858, in the case of John M. Locknane *agt.* John W. Martin, that " An act to establish a code of civil procedure," approved February 12th, 1858, so far as the same conferred on the probate courts of this territory jurisdiction at common law and chancery, is inconsistent with and in violation of the organic act of this territory, and, therefore, is of no legal validity. Carrying out the principle as enunciated in that decision, we must reverse the decision of the probate court of Jefferson county in this case rendered.

ORDER.—It is, therefore, ordered and adjudged by this court that the judgment of the probate court of

Jefferson county, in this case rendered, be set aside and made of no effect in law, or otherwise; and that the said plaintiff in error recover of the defendants in error his costs in this behalf expended.